UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MOISES HERNANDEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. No. 17-4582 (RBK)

**OPINION**

**ROBERT B. KUGLER, U.S.D.J.**

Petitioner, Moises Hernandez, is a federal prisoner proceeding, through counsel, with a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's motion will be denied and a certificate of appealability shall not issue.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On May 7, 2008, Petitioner pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute Cocaine Base, contrary to 21 U.S.C. §§ 841(a) and (b)(1)(C), in violation of 21 U.S.C. § 846 and Use of a Firearm in Furtherance of a Drug Trafficking Offense that Caused Death, in violation of 18 U.S.C. §§ 924(c) and (j). (ECF No. 12-2, at 1.) On December 20, 2008, Petitioner was sentenced by this Court to 330 months incarceration. (*Id*.)

Petitioner appealed to the United States Court of Appeals for the Third Circuit. *See United States v. Hernandez*, 378 F. App'x 145 (3d Cir. 2010). On May 6, 2010, the Third Circuit denied Petitioner's appeal, affirming both his conviction and sentence. *See id*. at *7. The United States Supreme Court denied Petitioner's writ of certiorari. *See Hernandez v. United States*, 562 U.S. 398 (2010). In 2017, Petitioner filed the instant motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 9.) Petitioner's sole ground for relief is that, pursuant to

*Johnson v. United States*, 135 S. Ct. 2551 (2015), his conviction under 18 U.S.C. § 924(c) should be invalidated as unconstitutionally vague. (ECF No. 9, at 4.) Respondent filed an answer opposing the petition. (ECF No. 12.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a motion to vacate, set aside or correct a sentence of a person in federal custody entitles a prisoner to relief if "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When considering a § 2255 motion, a district court " 'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.' " *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)). Additionally, a district court must hold an evidentiary hearing on the motion if " 'the files and records do not show conclusively that [the movant] was not entitled to relief.' " *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (alteration in original) (quoting *Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001)).

## III. DISCUSSION

Petitioner argues that the statute he was convicted under for his use of a firearm during a drug trafficking offense, 18 U.S.C. § 924(c), should be rendered unconstitutionally vague because it contains a residual clause that is similar to the one invalidated by the Supreme Court in *Johnson*. (ECF No. 9, at 4.) Petitioner argues that § 924(c)'s crime of violence residual clause is "similar if not equivalent" to the Armed Career Criminal Act's ("ACCA") violent felony residual clause which was determined to be unconstitutionally vague in *Johnson*. (*Id.*) The Government, however, argues that *Johnson*'s holding does not apply to convictions, such as Petitioner's, which

were predicated upon drug crimes and not upon § 924(c)'s residual clause. (ECF No. 12, at 2.) The Government asserts that Petitioner's argument is without merit and falls outside the purview of *Johnson*. (*Id.*)

Under 18 U.S.C. § 924(c), it is a crime for an individual to use or carry a firearm during, or in relation to, a drug trafficking crime or a crime of violence. *See* 18 U.S.C. § 924(c). Section 924(c) defines a drug trafficking crime as any felony punishable under the Controlled Substances Act (21 U.S.C. et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or Chapter 705 of Title 46. *See* 18 U.S.C. § 924(c)(2). Section 924(c) separately defines a crime of violence as any felony which:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the "elements clause"], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the "residual clause"].

18 U.S.C. § 942(c)(3).

In *Johnson*, the Supreme Court held a similarly worded residual clause in the ACCA's definition of a "violent felony" was unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2557. Under that residual clause, a violent felony was defined as, "any crime punishable by imprisonment for a term exceeding one year" that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See id*. at 2555-56. The Supreme Court held that individuals are entitled to fair notice of what conduct is punishable and the "wide-ranging inquiry" required by the residual clause to determine what conduct is encompassed results in unpredictable and arbitrary enforcement. *See id*. at 2557. Three years after *Johnson*, the Supreme Court issued its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), which invalidated the

residual clause of 18 U.S.C. § 16(b)'s crime of violence definition. This clause is identical to § 924(c)'s crime of violence residual clause. *Compare id.* at 1211 (defining 18 U.S.C. § 16(b)'s residual clause as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense") *with* 18 U.S.C. § 942(c)(3)(B).

Most recently, during the pendency of Petitioner's § 2255 motion, the Supreme Court issued its opinion in *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated another residual clause – the residual clause of § 924(c)(3)(B). The Supreme Court held that, like the residual clauses in *Johnson* and *Dimaya*, § 924(c)(3)(B)'s crime of violence residual clause was also unconstitutionally vague. *See id.* at 2336. Importantly, however, *Davis* only invalidated § 924(c)(3)(B) and not the entirety of § 924(c). *See id.* ("We agree … that § 924(c)(3)(B) is unconstitutionally vague."). Accordingly, convictions based upon a defendant's use or carrying of a firearm in relation to a drug trafficking crime or upon a crime of violence defined under § 924(c)(3)(A) are still valid. *See In re Navarro*, 931 F.3d 1298, 1302-03 (11th Cir. 2019) (holding that a petitioner's § 924(c) conviction fully supported by drug trafficking offenses was outside the scope of *Davis*); *see also United States v. Thomas*, 933 F.3d 685, 695 n.5 (7th Cir. 2019) (upholding conviction under § 924(c) where predicate crime was a bank robbery which fell under § 924(c)(3)(A)'s crime of violence elements clause); *Kidd v. United States*, 929 F.3d 578, 581 (8th Cir. 2019) ("Because § 924(c)(3)(A) [the crime of violence elements clause] applies in this case, the Supreme Court's recent decision in *United States v. Davis* does not afford [petitioner] the relief he seeks.").

Here, Petitioner's argument overlooks that his conviction under § 924(c) was based solely upon a drug trafficking offense. Petitioner's indictment, plea agreement, and judgment of

4

conviction all state his crime as "Use of a Firearm in Furtherance of a *Drug Trafficking Offense that Caused Death.*" (ECF Nos. 12-1, 12-2; *see also* Crim. No. 06-736, ECF No. 113 (emphasis added).) Therefore, although *Davis* invalidated § 924(c)(3)(B), Petitioner's conviction was not based upon the residual clause and was not implicated by the decisions in *Davis* or *Johnson*. *See Thomas*, 933 F.3d 695 n.5. Accordingly, Petitioner is not entitled to relief on his claim.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason would not disagree with this Court's conclusion that Petitioner has failed to make a substantial showing of the denial of a constitutional right insomuch as Petitioner's claim is without merit, Petitioner's habeas petition is inadequate to proceed further and therefore, a certificate of appealability shall not issue.

## V. CONCLUSION

For the reasons stated above, the Petitioner's habeas petition is **DENIED** and a certificate of appealability shall not issue.

DATED: September 18, 2019               s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge